IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY HIMES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 8:16CV358<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint in this matter on July 21, 2016 (Filing No. 1). Plaintiff has been given leave to proceed in forma pauperis (Filing No. 5). The court now conducts and initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges his constitutional rights were violated when Defendant Timothy Himes, an Omaha Assistant City Attorney, asked Judge "Stratman" to eject Plaintiff from the courtroom in a state court proceeding where he was a spectator, but the Judge refused (Filing No. 1 at CM/ECF p. 1). Plaintiff also alleges Defendant harassed him by "getting in our line of sight on north side of civic center ... and approach us ... to reach elevator wielding large knife he held high by his breast throat ... to conceal" (Filing No. 1 at CM/ECF p. 2). He states that "no knives of any kind [are] allowed in center and Hines clearly used his 'perch' to bring butcher knife into center" (*Id.*). Defendant is sued in both his official and individual capacity.

Plaintiff made substantially similar allegations against Defendant in Case No. 8:16CV71, which was dismissed without prejudice for lack of prosecution on June 6, 2016, after Plaintiff failed to file an amended complaint within the time specified by

the court. The court had found on initial review that the complaint failed to state a claim upon which relief can be granted.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Defendant's alleged attempt to have Plaintiff removed as a spectator from a courtroom is not a constitutional violation. Defendant's alleged "wielding" of a knife

near Plaintiff is not a constitutional violation. Because Plaintiff was advised in the previously filed action that his allegations were insufficient to state a claim for relief under 42 U.S.C. § 1983, Plaintiff will not be given further leave to amend.[1] *See Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016) ("Futility is a valid basis for denying leave to amend.").

IT IS THEREFORE ORDERED:

1. This action is dismissed with prejudice for failure to state a claim.

2. Judgment shall be entered by separate document.

DATED this 25th day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

[1] Mr. Tyler has "a long history of abusing the judicial systems in both the state and federal courts." *Tyler v. Coffey*, No. 8:14CV209, 2014 WL 7014051, at *4 (D. Neb. Dec. 11, 2014). In order to curb the litigation abuses of Mr. Tyler, this court since 1987 has limited him to filing one lawsuit per month unless a showing is made that he has been or is about to be subjected to immediate, extraordinary, and irreparable physical harm. *See In Re Billy Roy Tyler*, 677 F.Supp. 1410 (D.Neb. 1987), *aff'd*, 839 F.2d 1290 (8th Cir. 1988); *In re Tyler*, 262 F. Supp. 2d 1021 (D. Neb. 2003) (amending order).